UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| vs. | ) | IP 98-CR-121-03-H/F |
| | ) | 1:05-cv-963-DFH-TAB |
| CHRISTOPHER HARRIS, | ) | |
| | ) | |
| Defendant. | ) | |

**Entry Directing Further Proceedings**

This cause is before the court on the defendant's "offer of performance," filed on October 19, 2007.

The use of obtuse and inapt language in the foregoing does not disguise the fact that through this document the defendant seeks to "extinguish" the penalties imposed as the sentence in IP 98-CR-121-03-H/F. This effort thus constitutes a "claim" as referred to in *Gonzalez v. Crosby,* 125 S. Ct. 2641 (2005)–a "claim" being an objection to the validity of the criminal conviction or sentence. The consequence of this is, regardless of the label the defendant has used, that his "offer of performance" must be treated as a motion for relief pursuant to 28 U.S.C. § 2255. *United States v. Scott,* 414 F.3d 815, 817 (7th Cir. 2005).

In this instance, the defendant has already sought relief pursuant to § 2255 in the civil action docketed as No. 1:05-cv-963-DFH-TAB. That motion was denied in a Judgment entered on the clerk's docket on September 6, 2005.

When there has already been a decision on the merits in a federal habeas action, to obtain another round of federal collateral review a petitioner requires permission from the Court of Appeals under 28 U.S.C. § 2244(b). *See Potts v. United States,* 210 F.3d 770, (7th Cir. 2000). The disposition of the prior § 2255 action was an adjudication "on the merits" for the purpose of triggering the requirements of 28 U.S.C. § 2244(b).Paragraph 8 of Section 2255 begins: "A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals . . . ." The "motion" to which this language refers must be the kind of motion described by § 2255 ¶ 1--one "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." *Valona v. United States,* 138 F.3d 693 (7th Cir. 1998).

This statute, § 2244(b)(3), "creates a 'gatekeeping' mechanism for the consideration of second or successive [habeas] applications in the district court." *Felker v. Turpin,* 518 U.S. 651, 657 (1996). This statute "'is an allocation of subject-matter jurisdiction to the court of appeals.'" *In re Page,* 170 F.3d 659, 661 (7th Cir. 1999) (quoting *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996)) (opinion supplemented on denial of rehearing *en banc*, 179 F.3d 1024 (7th Cir. 1999)). "'A district court must dismiss a second or successive petition . . . unless the court of appeals has given approval for the filing.'"

With the prior § 2255 action having been adjudicated on the merits, and in the absence of authorization for the present filing from the Court of Appeals, this action must now be summarily dismissed for lack of jurisdiction pursuant to Rule 4 of the *Rules Governing Section 2255 Proceedings in the United States District Court*. For docketing purposes, therefore, the "Offer of Performance" filed by the defendant on October 19, 2007, is treated as a motion for relief pursuant to 28 U.S.C. § 2255, and as so treated is denied for lack of subject matter jurisdiction. This docketing entry may be made in both the civil action assigned to the first § 2255 motion and in the underlying criminal case.

So ordered.

*David F. Hamilton*

DAVID F. HAMILTON, Judge
United States District Court

Date: 11/5/2007

Distribution:

Gerald Coraz
Office of the United States Attorney
gerald.coraz@usdoj.gov

Christopher Harris
Reg. No. 05927-028
U.S.P.
P.O. Box 6000
Florence, CO 81226

**Note to Clerk: Processing this document requires actions other than docketing and distribution.**